## COLONIAL HILL COMPANY *et al. v.* MORTGAGE BOND AND TRUST COMPANY.

No. 8540.    DECEMBER 19, 1931.    REHEARING DENIED JANUARY 16, 1932.

*Don K. Johnston* and *Etheridge, Peck & Etheridge,* for plaintiffs in error.

*Jones, Evins, Powers & Jones* and *Ralph Williams,* contra.

GILBERT, J.    This litigation concerns two parcels of real estate, which are fully described in the pleadings, designated by the parties as numbers 307 and 311 Newnan Avenue in the City of East Point. This suit was brought by Mortgage Bond & Trust Company against Colonial Hill Company, John S. Owens, Cobb Operating Company, Mortgage Holding Company, Marbut-Williams Lumber Co., J. T. Williams, G. A. Childers, W. W. Hanson, and Mrs. Loma Dell Gibson.    Demurrers to some allegations of the petition were sustained; and as there is no exception to those rulings, those portions of the petition are eliminated.    Other portions of the petition alleged as follows:

On November 3 and September 7, 1927, respectively, Colonial Hill Company, which held the title to the two lots mentioned, conveyed them by warranty deeds to the defendant Mrs. Gibson.    The deeds were filed for record on February 7, 1928.    Prior to record of these deeds, Mrs. Gibson conveyed the two lots to Colonial Hill Company by two deeds, each one as security for payment of $825. On or about January 1, 1928, "without knowledge of the loan deeds from" Mrs. Gibson to Colonial Hill Co., Mortgage Bond & Trust Co. made to Mrs. Gibson "a first loan" of $2750 on one of the lots and $2500 on the other lot, secured by deeds which were filed for

record on January 9, 1928. These deeds and the notes evidencing the debts were made to Atlanta Trust Company as trustee. "It was the understanding, agreement, and intention" of the Mortgage Bond & Trust Company and Mrs. Gibson that her two deeds conveying the property to secure debts "should be first and prior encumbrances against the property conveyed, . . and . . petitioner would not have made said loans had it not thought that said conveyances constituted first and prior encumbrances against said property." The two loans by petitioner to Mrs. Gibson were "made for the express purpose of paying off certain materialmen and laborers who had furnished labor and material used in the improvement of the property." The loans were closed at the same time, and the proceeds, at the instance of Mrs. Gibson, were "disbursed together." From the proceeds of these loans sums of money aggregating $3969.44 were paid to five persons named, who had furnished labor or material, including $849.60 paid to defendant Owens "in satisfaction of a building loan which he made Mrs. Gibson upon said property." On March 5, 1929, there were filed for record deeds made by Colonial Hill Company "as attorney in fact" for Mrs. Gibson, "purporting, . . in the exercise of the power of sale" contained in the loan deeds of Mrs. Gibson, to convey the property to the Colonial Hill Company. On May 8, 1929, and April 17, 1929, Colonial Hill Company made deeds in each of which the tracts were conveyed to Cobb Operating Company. The first deed did not recite any consideration, but as re-recorded the deed recited a consideration of ten dollars and other valuable consideration. On July 30, 1929, both tracts were conveyed by Cobb Operating Company to Mortgage Holding Company. Because of default in payment of the indebtedness of Gibson, secured by the loan deeds to Atlanta Trust Co., trustee, suits were begun by the trustee, and on July 2, 1929, judgments against Mrs. Gibson, for the principal, interest, attorney's fees, and costs, were recovered, with a special lien against the real estate. At the sale in August, 1929, under executions issued in these suits, the property was conveyed by the sheriff to Atlanta Trust Company, trustee, which afterwards conveyed it to Mortgage Bond & Trust Co. Mortgage Holding Company notified the sheriff of its claim of title paramount to that of Mrs. Gibson, and the sheriff declined to place Atlanta Trust Company, trustee, or the petitioner in possession. The property is occupied by persons

who are paying the rentals to the Colonial Hill Company or Owens or Mortgage Holding Company. The loans of petitioner to Mrs. Gibson "were made with the full knowledge, consent, and approval of" the Colonial Hill Company, which "through its officers and agents, and especially . . John S. Owens, who was then and now is" its president, and who was "present at the time said loans were closed," and "delivered to an 'agent of . . petitioner the two warranty deeds from Colonial Hill Company to . . Mrs. Gibson, . . in order that the same might be sent to record," participated in closing said loans "well knowing that petitioner thought" the deeds from Gibson to Atlanta Trust Co., trustee, "constituted first and prior encumbrances against the property, . . did not assert or disclose any lien or equity in its favor against said property, but allowed and encouraged and was largely instrumental in inducing . . petitioner to make said loans." Owens knew petitioner was ignorant of the existence of the loan deeds from Mrs. Gibson to Colonial Hill Company, that petitioner thought it was making first loans on the property, and, "with intent to deceive and mislead" petitioner, Owens "concealed the existence of said deeds" and "accepted $849.60 of the proceeds of said loans in satisfaction of a building loan which he had made to Mrs. Gibson upon said properties, and in other ways participated in the closing of said loans." The conveyances to Cobb Operating Company and Mortgage Holding Company were without consideration, and when they were made each of these defendants "had and, by reason of the facts" alleged in the petition, were "charged with full knowledge and notice of all the facts . . which had then occurred," and in equity and good conscience the title so taken is subject to the liens created by the loan deeds made by Gibson to Atlanta Trust Co., trustee. The deeds of Colonial Hill Company, as attorney in fact for Mrs. Gibson, and the subsequent deeds into Cobb Operating Co. and Mortgage Holding Co., constitute clouds upon the title held by petitioner, and it is without any present adequate remedy at law. Mrs. Gibson is insolvent.

The prayers were, for injunction restraining the changing of the status of the title; for appointment of a receiver to manage the properties; for decree establishing the loan deeds of Gibson to Atlanta Trust Co., trustee, as first and prior encumbrances; for decree that the rights of Colonial Hill Co., and those claiming under

it by reason of the deeds from Mrs. Gibson to Colonial Hill Co., had been divested by the sheriff's sales under foreclosure of the deeds of Mrs. Gibson to Atlanta Trust Co., trustee; that in lieu of the granting of such relief the deeds from Gibson to Atlanta Trust Co., trustee, be declared to be of full force and effect, the property sold by the receiver, and the proceeds applied to the satisfaction of the debts secured by those deeds; that the satisfaction of the claims of the several laborers and materialmen and Owens be set aside, and their liens revived and perfected for the benefit of petitioner, to the extent of the amounts paid by petitioner to them; that such liens when so revived and perfected be declared and decreed to be first and prior encumbrances upon the property, and that they be foreclosed for the benefit of petitioner; and for general relief. The matter was referred by the court to an auditor, with power to settle issues arising on the pleadings and to pass upon all questions of law and fact.

Colonial Hill Co., Owens, Cobb Operating Co., and Mortgage Holding Co. demurred generally on the grounds that the petition failed to state a cause of action, and did not set up grounds for equitable relief; and that there was a misjoinder of defendants. The same defendants demurred to particular portions of the petition, as follows: Without notice thereof, any agreement between Gibson and petitioner would not bind the defendants, and no such notice is alleged; the allegation that petitioner made its loans without knowledge of the deeds from Gibson to Colonial Hill Company is a conclusion, at variance with the facts alleged that the loan deeds of Gibson to Colonial Hill Company were recorded, and that as a matter of law petitioner had implied actual knowledge thereof; the averments that the record of the deeds made by Colonial Hill Company as attorney in fact for Mrs. Gibson, and those to Cobb Operating Company and Mortgage Holding Co., constitute clouds upon the title of petitioner and that it is without adequate remedy at law, are conclusions without facts alleged to support them; the averment that petitioner made "a first loan" is a conclusion without facts alleged to support it, does not show that the loan was finally closed on the date the petition alleges it was made, does not allege that any moneys were paid on that date or prior to the record of the loan deed from Gibson to Colonial Hill Company to or for the account of Mrs. Gibson; and the averments that Cobb Operating

Company and Mortgage Holding Company were charged with notice and knowledge in taking their conveyances do not allege from what fact or circumstance or through what officer those defendants had such notice or knowledge, and do not allege why the loan deeds of Gibson to Atlanta Trust Co., trustee, constituted first and prior encumbrances. The answers of the defendants set up that petitioner had notice by the record of the loan deeds from Gibson to Colonial Hill Company; also that at the sale by the sheriff under execution in favor of Atlanta Trust Co., trustee, announcement was publicly made that the property being sold did not belong to Mrs. Gibson, was not subject to levy and sale, and was the property of Mortgage Holding Co. under a title paramount to that of Mrs. Gibson. Other material averments of the petition were denied.

The auditor found as facts that at the time Atlanta Trust Company, trustee, took its loan deeds from Gibson, it had constructive notice by the record of the loan deeds from Gibson to Colonial Hill Company, but no actual notice; that Gibson and petitioner agreed that the deeds to Atlanta Trust Co., trustee, were to constitute first liens upon the respective properties; that Owens was and is president of Colonial Hill Company; that his wife is president of Cobb Operating Co.; that all stock of both companies is owned by members of Owens' family, except a few shares owned by a stenographer in the office occupied by Owens and the two companies; that this stenographer is vice-president of Cobb Operating Company, but takes no part in directing its business and appears to be entirely under the direction of Owens; that Owens is the real power behind both companies, and dictates the business policy and business transactions of both; that Owens knew the loans were being made by petitioner, and was personally present in the office of plaintiff during part of the time they were being closed; that he personally had a claim of $849.60 against one of the places, payment of which he expected to receive out of the funds realized from the loans; that he was asked by a representative of petitioner how much there was coming to him, and replied the amount above stated; that he said nothing of any claim of Colonial Hill Company; that he was asked if he wished the check made payable to Colonial Hill Company or himself, and he asked that it be made to him, which was done, and that from his knowledge of the value of the places he had reason to believe the new loans were probably intended to be first liens;

that the transfer of title from Colonial Hill Co. to Cobb Operating Co. was not bona fide for value; that before closing the transaction in which Cobb Operating Co. contracted to sell the two places to Mortgage Holding Co., the latter received notice of plaintiff's claim; and that Mrs. Gibson is insolvent. The auditor reported, as findings of law, that whatever was notice to Owens was notice to both Colonial Hill Company and Cobb Operating Co.; that both were estopped by any act or failure on the part of Owens which was sufficient to constitute estoppel; that because of the failure to put plaintiff on actual notice of the loan deeds from Gibson to Colonial Hill Company, that company and Cobb Operating Company were estopped from asserting the superiority of their deeds over those of Gibson to Atlanta Trust Co., trustee.

The court overruled a motion to recommit the case to the auditor, overruled exceptions to findings of the auditor, approved the report of the auditor, and rendered a decree providing that foreclosure of the respective deeds made by Gibson to Atlanta Trust Co., trustee, and Colonial Hill Company be set aside; restoring these deeds to full force and effect; that the property be sold by a commissioner; that the proceeds be applied, first, to extinguishment of the debts represented by the loan deeds of Gibson to Atlanta Trust Co., trustee, and then to the debts secured by the deeds to Colonial Hill Co., and that all rights of Atlanta Trust Co., trustee, under its deeds be vested in petitioner. Defendants assign error on these rulings.

The findings of fact reported by the auditor are all supported by evidence. The rulings on the demurrers and findings of law were not erroneous. It follows that the court did not err in overruling the motion to recommit, or in overruling exceptions to the report of the auditor or in rendering the decree of which complaint is made.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*